IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HAROLD B. SIMMONS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**ISANTHES LLC,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:23-cv-00470-TES** |

### ORDER REMANDING CASE

On November 28, 2023, the Court ordered Plaintiff Harold B. Simmons' to show cause and explain how it had subject-matter jurisdiction of his removed dispossessory proceeding. [Doc. 3]. The Court afforded Plaintiff until December 19, 2023, to file a response to its show-cause order. Plaintiff did not respond. For the reasons explained below and for those reasons discussed in the Court's Order to Show Case [Doc. 3], this case is **REMANDED** to the Superior Court of Baldwin County[1] for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Plaintiff's effort to remove his dispossessory proceeding from state to federal court based on federal defenses are not, in this instance, permissible grounds to remove a case. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Ervast v. Flexible*

---

[1] Reference: Baldwin County Superior Court Case No: SUCV2023050995.

*Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a [d]efendant may not remove a case to federal court on [a federal-question] basis, even though a possible defense might involve a federal question."). Dispossessory actions are authorized under the Official Code of Georgia. *See* O.C.G.A. § 44-7-49. In the dispossessory proceeding, it's clear that no federal law or authority was invoked by Isanthes LLC, nor did Isanthes request any relief other than possession of the premises. [Doc. 1-1, p. 36].

Therefore, in keeping with its independent obligation to inquire into subject-matter jurisdiction wherever it may be lacking, the claim forming the basis for this removed action was simply a dispossessory action and therefore exclusively a matter of state law. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this case. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 29th day of December, 2023.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**